IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00261-BNB

CHARLES LEE KETTERING #104451,

    Plaintiff,

v.

BENT COUNT[Y] CORRECTIONAL FACILITY, 11560 Road FF75,
    Las Animas, Colorado 81054,
WARDEN JIM KIETH, et al.,
DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
CORRECTIONS OFFICER SGT. ARAMILLO (Laundry),
CORRECTIONS OFFICER S.C.O. MATT MARTINEZ,
HEARING OFFICER D. KING,
HEARING OFFICER JEBULSKI,
MAIL ROOM BENT COUNTY CORRECTIONAL,
CORRECTIONS OFFICER PALACIO,
PALACIO'S COMMANDING OFFICER,
CO WOLHERT, and
S. LOPEZ,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 6 2007

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Charles Lee Kettering, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and declaratory relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Kettering is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kettering will be ordered to file an amended complaint.

The Court has reviewed Mr. Kettering's complaint and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kettering's complaint is prolix. The complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Mr. Kettering asserts twelve claims, each of which concerns his conditions of confinement. Mr. Kettering complains that he has been denied sufficient clothing and bedding (first claim); that he has been denied sufficient lighting for reading and other activities (second claim); that he has been subjected to excessive noise especially when trying to sleep (third claim); that he has been deprived of exercise while in segregation (fourth claim); that he has been denied due process for reasons he fails to make clear (fifth claim); that his legal mail is being read outside his presence (sixth and twelfth claims); that he has been denied freedom of religion (seventh claim); that he has been retaliated against for writing grievances (eighth claim); that he has been denied access to the law library and to the courts to work on his pending lawsuit in ***Kettering v. Larimer County Detention Center***, No. 06-cv-01989 (D. Colo. filed Nov. 2, 2006) (ninth claim); that the DOC grievance system is unfair (tenth claim); and that he is being taunted and harassed by a correctional officer named Tripp (eleventh claim).

Rather than summarizing each claim succinctly, Mr. Kettering apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Kettering's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Kettering must assert, simply and concisely, his specific claims for relief, including the specific rights that

3

allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Kettering also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Kettering must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Kettering should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Kettering is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Kettering should review his claims

carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Kettering file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kettering, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Kettering submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Kettering fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   07-cv-00261-BNB

Charles Lee Kettering
Prisoner No. 104451
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/16/07

GREGORY C. LANGHAM, CLERK

By: _[signature]_
Deputy Clerk