IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 7 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00261-BNB

CHARLES LEE KETTERING #104451,

     Plaintiff,

v.

BENT COUNT[Y] CORRECTIONAL FACILITY, 11560 Road FF75,
     Las Animas, Colorado 81054,
WARDEN JIM KIETH, et al.,
DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
CORRECTIONS OFFICER SGT. ARAMILLO (Laundry),
CORRECTIONS OFFICER S.C.O. MATT MARTINEZ,
HEARING OFFICER D. KING,
HEARING OFFICER JEBULSKI,
MAIL ROOM BENT COUNTY CORRECTIONAL,
CORRECTIONS OFFICER PALACIO,
PALACIO'S COMMANDING OFFICER,
CO WOLHERT, and
S. LOPEZ,

     Defendants.

---

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

---

Plaintiff Charles Lee Kettering is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Bent County Correctional Facility

in Las Animas, Colorado.  On May 8, 2007, he submitted two documents titled "Motion

to Compel D.O.C. C.T.C.F. Case Manager to Pick Up Grievances & Follow Procedure"

and "Priliminary [sic] Injunction to Compell [sic] C.T.C.F. (D.O.C.) Case Mng.[sic]

Morton to Give Plaintiff Blank Grievance Forms to Exhaust Griv. [sic] System."

The Court will treat the documents as motions for a temporary restraining order and a preliminary injunction. The Court must construe liberally the motions for a temporary restraining order and a preliminary injunction because Mr. Kettering is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied.

Mr. Kettering asks this Court to compel the Colorado Territorial Correctional Facility to supply him with blank grievance forms so that he may exhaust administrative remedies "for many different episodes of wrong doings, and cruel and unusual treatment of twelve different claims." Priliminary [sic] Injunction to Compell [sic] C.T.C.F. (D.O.C.) Case Mng.[sic] Morton to Give Plaintiff Blank Grievance Forms to Exhaust Griv. [sic] System at 2. He also asks this Court to compel Mrs. Morton, his case manager, to pick up his completed grievance forms, photocopy them, supply him with one photocopy, and attach the remaining photocopies to his steps one, two, and three grievances or "to order Plaintiff's exhaustion of 12-15 claims completed for staff's failure to follow greivance's [sic] procedure's [sic]." Motion to Compel D.O.C. C.T.C.F. Case Manager to Pick Up Grievances & Follow Procedure at 3. On the basis of these allegations, Mr. Kettering believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues,

2

that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Kettering fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the liberally construed motions for a temporary restraining order and a preliminary injunction that Plaintiff Charles Lee Kettering submitted to and filed with the Court on May 8, 2007, are denied.

DATED at Denver, Colorado, this _16_ day of _____ *May* _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   07-cv-00261-BNB

Charles Lee Kettering
Prisoner No. 104451
CTCF
PO Box 1010
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on___5-17-07

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk